# United States District Court

__MIDDLE__ DISTRICT OF __ALABAMA__

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>BOBBY STOKES, JR., and<br>AMBER DESIREE FREDERICK<br>(Name and Address of Defendant) | **CRIMINAL COMPLAINT**<br><br>CASE NUMBER: 2:07mj34-WC |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __March 29, 2007,__ in __Montgomery__ county, in the __Middle__ District of __Alabama__ defendants did,

knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture and substance which contained a detectable amount of cocaine base ("crack"), a Schedule II Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__

I further state that I am an __Agent with the Drug Enforcement Administration__ and that this complaint is based on the following facts:
                              Official Title

See attached Affidavit which is incorporated by reference herein

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__March 29, 2007__                                          at   __Montgomery, Alabama__
Date                                                                       City and State

__WALLACE CAPEL, JR., U.S. MAGISTRATE JUDGE__   _____
Name & Title of Judicial Officer                                         Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Neill Thompson, having appeared before the undersigned United States Magistrate, and having been duly sworn, deposes and states:

I am a Special Agent with the Drug Enforcement Administration assigned to the Montgomery, Alabama District Office, specifically to the High Intensity Drug Trafficking Area Task Force. I have been a DEA Agent since June 1998. Prior to June 1998, I was a police officer with the Tuscaloosa Police Department for a period of approximately twelve years, with over four of those years as a narcotics detective. During the course of my career, I have written and executed numerous search and seizure warrants for narcotics, dangerous drugs, records, books, and proceeds derived as a result of this illicit activity. Further, I have arrested numerous individuals for violations of State and Federal narcotics statutes. I have attended and successfully completed training concerning narcotics trafficking, conspiracies, and money laundering methods that narcotics traffickers employ. The following information has been obtained either through personal observation or from other law enforcement officials.

In March 2007 a Montgomery Police Department Confidential Informant (CI) advised me and Detective Tommy Conway of the drug trafficking activity of Bobby STOKES Jr. The CI said that STOKES sells cocaine and "crack" cocaine in the Montgomery area. The CI said that STOKES had recently moved into a house in the Park Manor neighborhood, and I verified, via an Administrative Subpoena, that STOKES acquired service at 151 Conley Drive on March 21, 2007.

On March 29, 2007 plans were formulated to attempt to arrest STOKES. Task Force Officer (TFO) Eddie Spivey and I met with the CI and the CI placed a telephone call to 334-430-2987 (the number that STOKES had provided the CI). A female answered the telephone and the

CI asked to speak to "Junebug". STOKES answered the telephone and the CI and STOKES discussed the purchase of "crack" cocaine by the CI from STOKES. The CI requested a "split" and an ounce, referring to approximately three ounces of "crack" cocaine. The CI and STOKES agreed to meet at the Hardee's on Coliseum Blvd.

Surveillance had been established on STOKES and at the time of the call STOKES was observed at the Shell station on Forbes Road. Agents also observed a passenger, Amber FREDERICK, also in the truck. STOKES left the Shell station and went directly to the residence at 151 Conley Circle. STOKES went inside the residence and remained approximately five minutes and he and Frederick got back into the truck and left the residence. STOKES went east on the Northern Boulevard and then turned south on Coliseum Blvd. (which leads to the Hardee's restaurant).

An Alabama State Trooper Unit was assisting in the arrest and attempted a vehicle stop of STOKES' truck. STOKES appeared as if he was going to stop the truck in the parking lot of the Winn Dixie Shopping Center. As the truck was coming to a stop, FREDERICK was seen placing something under her seat. STOKES then sped through the parking lot at a high rate of speed and struck my vehicle, causing moderate damage. STOKES continued to flee even though his truck suffered extensive damage and was being pursued by units which were utilizing emergency equipment. STOKES drove south on Coliseum Blvd. and the Troopers observed FREDERICK throwing what appeared to be "crack" cocaine from the truck. STOKES continued to flee and finally stopped several miles later, as the front right tire on his truck was flattened from the damage.

STOKES and FREDERICK were placed under arrest and secured. Agents found and seized suspected "crack" cocaine from the sidewalk where FREDERICK had been secured. A

search of the vehicle resulted in the seizure of suspected "crack" cocaine from the passenger's seat and from a small brown purse found in the floorboard. Agents also seized a cellular telephone which was assigned the number 334-430-2987.

Agents went to the area where FREDERICK was seen throwing the objects and seized approximately 50 grams of suspected "crack" cocaine from the street, curb, and grassy areas near the curb. I performed a field test on a sample of the suspected cocaine and the test was positive for the presence of cocaine.

A state search warrant was obtained for 151 Conley Circle and agents used a key that was in STOKES' possession to open the door. At the residence, agents found suspected marijuana packaged for distribution, documents belonging to STOKES, and photographs of FREDERICK in possession of a large amount of cash and a firearm.

Based on my experience and training, it is my belief that probable cause exists to arrest Bobby STOKES Jr. and Amber FREDERICK for violations of Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute Cocaine Base. Further that the events occurred within the Middle District of Alabama.

I swear under penalty of perjury that the forgoing is true.

NEILL THOMPSON
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me
this 29th day of March, 2007.

UNITED STATES MAGISTRATE JUDGE